## DAVIS et al. v. CITY OF HOMESTEAD, FLA., et al.

### No. 9393.

Circuit Court of Appeals, Fifth Circuit.

June 5, 1940.

Rehearing Denied July 8, 1940.

Charles A. Carroll, of Miami, Fla., F. A. Berry, of Nashville, Tenn., Stuart B.

---

Warren and Geo. W. Wylie, both of St. Petersburg, Fla., J. Blanc Monroe, of New Orleans, La., and H. N. Boureau, of Miami, Fla., for appellants.

Melvin H. Siegel, Sp. Asst. to Atty. Gen., and Hayford O. Enwall, Asst. U. S. Atty., and Ira C. Haycock, both of Miami, Fla., for appellees.

Robert J. Pleus, of Orlando, Fla., for amicus curiae.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

In this case as in American National Bank v. City of Sanford, 5 Cir., 112 F.2d 435, decided May 31, 1940, the appeal is from an order rejecting appellant's objections to the filing of, and denying its motion to dismiss, the petition in bankruptcy for composition filed by the city, May 1, 1939, under Section 83, sub. j, of the Bankruptcy Act, 11 U.S.C.A. § 403, sub. j. The contentions made here are the same as those made there. Unless the facts are substantially dissimilar, the decision of that case rules this appeal and the orders appealed from must be affirmed.

Appellants insist that the provision in the Homestead voluntary plan, that it should become binding when not less than 75% in amount had consented to it and the fact that more than this amount had consented, makes this a different situation from that in the Sanford case where the plan contained no provision for any particular number of consents.

Appellees reply that this provision is without significance because it is not a provision for closing the plan and taking no further consents after 75% in amount have been obtained. They say too that the position of the City of Homestead is stronger than that of City of Sanford, because while all of the voluntary proceedings in Sanford's case were begun and most of them concluded before August 16, 1937, when the amended Municipal Bankruptcy Act was approved, the proposal of the Homestead Voluntary plan was made, and all of the voluntary acts under it were done, after the approval of that act.[1]

We think it plain that the facts appellants and appellees rely on as differentiating this case from Sanford's are without legal significance; and that for the reasons given in that case, the orders appealed from here must be affirmed.

Affirmed.

[1] The Refunding Contract and Agreement was executed on or about October 18, 1937.

The Refunding Bonds were dated October 1, 1937.

The Resolution authorizing their issuance was passed on November 8, 1937.

The Resolution authorizing the issuance of the Coupon Certificates, Series 1937, was passed on November 18, 1937.

The Refunding Bonds were validated by court decree on December 4, 1937, the Coupon Certificates on December 15, 1937.

The Resolution of the City Council readopting the Plan of Composition and authorizing this procedure was passed on the first day of May, 1939.

The Municipal Bankruptcy Act as amended was approved August 16, 1937.

Subsection (J) was approved June 22, 1938, effective September 22, 1938.