## In re RUSCO INDUSTRIES, INC., Debtor.

## A. Stephenson WALLACE, Trustee, Plaintiff,

v.

## MILROB CORPORATION, Defendant.

**Bankruptcy No. 88–60031.**
**Adv. No. 88–6034.**

United States Bankruptcy Court,
S.D. Georgia,
Statesboro Division.

Aug. 4, 1989.

---

1. O.C.G.A. § 44–13–100(a)(2.1) (Supp.1988).

J. Benjamin Kay, III, Augusta, Ga., for plaintiff.

Scott J. Klosinski, Augusta, Ga., James M. Lawniczak, Ronald D. Holman, II, Calfee, Halter & Griswold, Cleveland, Ohio, for defendant.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

Plaintiff, A. Stephenson Wallace, as trustee for Rusco Industries, Inc. (Rusco), brought this action against defendant, Milrob Corporation, to recover an alleged preferential transfer by the debtor, Rusco, to defendant. Defendant filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction or, in the alternative, for a more definite statement. After considering the pleadings, briefs, and arguments of counsel, the court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Rusco filed for protection under Chapter 11 of the United States Bankruptcy Code on February 3, 1986. The Chapter 11 case was subsequently converted to a case under Chapter 7 of Title 11 United States Code by order of this court dated February 6, 1989.

2. Within the ninety (90) days preceding the filing of the debtor's petition, the debt-

or transferred to defendant the sum of Four Thousand Four Hundred Thirty–Nine and $^{10}/_{100}$ dollars ($4,439.10).

3. Rusco ordered the transfers out of which this cause of action arose from its bank account with the First National Bank of Atlanta. The transfers were made by checks drawn on the Georgia bank account.

4. Defendant is an Ohio corporation with its principal place of business in Aurora, Ohio.

5. Defendant transacted business with Rusco in the State of Pennsylvania and does not regularly do or solicit business in the State of Georgia.

## CONCLUSIONS OF LAW

Defendant contends that this court lacks personal jurisdiction over it because defendant lacks the constitutionally required minimum contacts with the forum State of Georgia. *See International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 580, 62 L.E.2d 490 (1980). Plaintiff argues that the minimum contacts requirements are inapplicable in this adversary proceeding since the Bankruptcy Code provides for national service of process. *See* Bankruptcy Rule 7004(d). In addition, the plaintiff contends that the minimum contacts standard has been met because the defendant accepted a check drawn on a Georgia bank.

■ Trustee's contention that the defendant has contacts with the State of Georgia sufficient to allow this court to exercise personal jurisdiction over the defendant based on the defendant's acceptance of a check from Rusco drawn on a Georgia bank is without merit. The bank on which a check is drawn "is of negligible significance for purposes of determining whether [a defendant has] sufficient contact [with a forum state]." *Helicopteros Nacionales' De Columbia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.E.2d 404, 412 (1984). The bank on which a check is drawn is within the discretion of the drawer, and such unilateral activity "is not an appropriate consideration when determin-

ing whether a defendant has sufficient contacts with a known State (sic) to justify an assertion of jurisdiction (citations omitted)." *Id.* at 417, 104 S.Ct. at 1873, 80 L.E.2d at 412.

Trustee's argument that no contacts with Georgia are required for this court to exercise jurisdiction over the defendant, an Ohio corporation, because the bankruptcy rules authorize national service of process presents a more difficult question. The Eleventh Circuit noted the problem presented by the facts of this case, but did not resolve the issue in *Nordberg v. Granfinanciera, S.A.,* 835 F.2d 1341 (11th Cir. 1988), *rev'd on other grounds,* —— U.S. ——, 109 S.Ct. 2782, 106 L.E.2d 26 (1989).

Judge Morgan, writing for the panel, noted in footnote eight to the decision:

8. Federal courts agree that a fifth amendment due process inquiry is necessary where, as in the case at bar, the defendant is an alien, i.e., neither a United States citizen or national. We note, without deciding the issue, that there is a lack of consensus among the courts as to whether a due process analysis is necessary where the defendant is a domestic corporation served via nationwide service of process. Several courts insist upon a full-blown minimum contacts analysis. See, e.g., *Wichita Federal Savings & Loan Ass'n [v. Landmark Group],* 657 F.Supp. [1182] at 1194–95 [(S.D.Kan. 1987)] (Issue of personal jurisdiction requires a fifth amendment due process "minimum contacts" analysis, considering burden of litigation on defendant, defendant's reasonable expectations and foreseeability of litigation in forum state, plaintiff's interest in convenient and effective relief, federal judicial system's interest in efficiently resolving controversies, and forum state's interest in having a court within forum state adjudicate the dispute); *Bamford v. Hobbs,* 569 F.Supp. 160, 166 (S.D.Tex.1983) (listing substantially same factors as *Wichita Federal, supra*).

Other courts hold that the defendant's mere presence within the United States satisfies whatever due process concerns

exist. See, e.g. *Mariash v. Morrill,* 496 F.2d 1138, 1143 (2d Cir.1974) (where defendants reside within United States "minimal contacts" are present); *Clement v. Pehar,* 575 F.Supp. 436, 438–39 (N.D.Ga.1983) (where nationwide service of process is authorized, due process only requires defendant have minimum contacts with United States; defendants were U.S. citizens and properly served within U.S., therefore, district court "may constitutionally exercise jurisdiction over them").

While still other courts determine that a due process analysis is completely unnecessary where service is nationwide and is properly performed outside the forum district yet within the United States. See e.g., *Pioneer Properties, Inc., [v. Martin],* 557 F.Supp. [1354] at 1358 and n. 6 [ (S.D.Kan.1983) ] (no fifth amendment limitation on jurisdiction is nationwide service is properly perfected outside forum district but within United States); *In re: Prospect Hill Resources, Inc.,* 69 B.R. 79, 79–80 (Bankr.N.D.Ga.1986) (no due process "minimal contacts" requirement necessary to justify exercise of jurisdiction where defendant was Illinois resident, case involved federal question litigation, and Congress provided for nationwide service of process); *In re: Whippany Paper Board Co.,* 15 B.R. 312, 315 (Bankr.D.N.J.1981) ("minimum contacts test has no particular relevance" in bankruptcy suit between domestic corporations because federal statute confers jurisdiction and provides for nationwide service).

Defendant urges that this court adopt the reasoning of those courts which require a full due process analysis and hold that this court lacks in personam jurisdiction over it. Plaintiff, on the other hand, argues that this court should adopt the views of courts which have held that when Congress has authorized nationwide service of process, no due process minimum contacts analysis is required.

This court, however, finds the national contacts standard discussed in footnote eight to the *Nordberg* decision to be more persuasive. While "[t]he Supreme Court never has ruled on the issue, ... all of the courts of appeal that have addressed the question have applied the national contacts standard when process is served under an applicable federal service provision." C. Wright and A. Miller, *Federal Practice and Procedure: Civil 2d* § 1067.1 (1987).

■ The federal courts exercise the judicial power of the United States, not a judicial power limited by the boundaries of a state. *See Federal Trade Commission v. Jim Walter Corp.,* 651 F.2d 251 (5th Cir. Unit A July, 1981).[1] "[D]ue process requires only that a defendant in a federal suit have minimum contacts with the United States, 'the sovereign that has created the court.'" *Id.* at 256.[2]

■ The minimum contacts analysis applicable here requires only that the defendant be within the territorial boundaries of the United States which is a Fifth

---

**1.** The Eleventh Circuit Court of Appeals adopted all decisions rendered by the Fifth Circuit prior to October 1, 1981, as binding precedent in this circuit. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981).

**2.** The continued validity of the *Jim Walter Corp.* decision has been questioned since *Insurance Corp of Ireland v. Campagnie Des Bauxities de Guinee,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). The Supreme Court in dicta, rejected state sovereignty as the basis of the minimum contact test under the Fourteenth Amendment, but did not eliminate concerns about federalism completely from the due process analysis of the Fourteenth Amendment. Further *Insurance Corp. of Ireland* was a Fourteenth Amendment analysis whereas *Jim Walters Corp.*

applies a Fifth Amendment due process standard. Therefore, this court declines to give *Insurance Corp. of Ireland* the expansive reading that would be required in order to have that decision impliedly overrule the binding precedent of *Jim Walter Corp.* "Notwithstanding *Insurance Corp. of Ireland* it does not seem plausible to read territoriality and sovereignty concerns out of the minimum contacts analysis. Although it is true that the Due Process Clause of the Fourteenth Amendment 'makes no mention of federalism concerns,' it nonetheless also is true that the states to which that amendment applies are coequal sovereigns within a federalist system, and the amendment must be read with this in mind." Wright and Miller, *supra* at § 1067.

Amendment due process analysis, not the Fourteenth Amendment analysis as urged by defendant. U.S. Const.amend. V and amend. XIV § 1. The focus of the due process inquiry under the Fifth Amendment is the defendant's aggregate contacts with the United States, not contacts with the State wherein the federal court happens to be located. A federal court adjudicating federally created rights and exercising the sovereign power of the United States is not bound by limitations developed under the due process clause of the Fourteenth Amendment, an amendment which by its terms applies only to the fifty states and not to the federal government. Here, the federally created right, the application of uniform laws on the subject of bankruptcies, exists exclusively under federal law and was created under the sovereign power of the federal government. *See,* U.S. Const. art. I, § 8, cl. 4. There are no competing state interests and no concerns of federalism impacting this due process analysis. Due process under a Fifth Amendment analysis does require a minimum contacts analysis when under circumstances as here, a federal court is asked to adjudicate a federally created right (11 U.S.C. § 547 recovery of preferential transfers by a bankruptcy trustee) and there exists a provision for nationwide service of process to bring the parties before the court to address that right (Bankruptcy Rule 7004(d) promulgated pursuant to 28 U.S.C. § 2075) but the minimum contacts need only be with the United States, not any particular state within the union.

■ This court has personal jurisdiction over the defendant, a domestic corporation incorporated under the laws of the State of Ohio, who was properly served under a statute authorizing nationwide service of process. While the court recognizes the defendant's right to a fair forum, the statutory venue requirements and transfer provisions adequately protect this right. *See* 28 U.S.C. § 1391–§ 1412. Defendant has not argued that its rights under these venue or transfer statutory provisions are being abridged by the filing of this adversary proceeding in this court. Defendant only argues lack of jurisdiction over the person.

Defendant has also requested that the court enter an order requiring the plaintiff to file a more definite statement as to the allegations in his complaint. After a reading of the complaint, the court finds that the complaint adequately sets forth the allegations required to plead a case for the return of a preferential transfer under 11 U.S.C. § 547. The complaint is not so vague or ambiguous that the defendant cannot reasonably be required to frame a responsive pleading. *See* Fed.R.Civ.P. 12(e), made applicable to adversary proceedings under Title 11 U.S.Code by Bankruptcy Rule 7012(b).

IT IS HEREBY ORDERED that defendant's motion to dismiss for lack of personal jurisdiction or in the alternative for a more definite statement is denied.