United States Court of Appeals,

Fifth Circuit.

No. 92-2366.

Eldon A. BUSCH, Plaintiff-Appellant,

v.

BUCHMAN, BUCHMAN & O'BRIEN, LAW FIRM, et al., Defendants-Appellees.

Jan. 19, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

Personal jurisdiction over the defendants was predicated on 15 U.S.C. § 78aa, which grants nationwide service of process to any federal court where "any act or transaction constituting the violation occurred." The district court, sitting in the Southern District of Texas, held that it lacked jurisdiction under § 78aa because no act constituting a violation of the 1934 Securities Exchange Act occurred in Texas. Furthermore, the court concluded that, under the Due Process Clause of the Fifth Amendment, it could not exercise personal jurisdiction over the defendants because they lacked minimum contacts with Texas. We reverse.

## I. Background

As part of a nationwide marketing strategy, Barrister Associates, a New York promoter, sent a prospectus to Eldon Busch, a Texas resident, in an effort to sell limited partnership interests as a tax-sheltered investment.[1] Included within the prospectus was a tax opinion and a confidential offering memorandum, drafted by Buchman, Buchman, & O'Brien (a now-dissolved New York law

---

[1] Barrister Associates sent the prospectus to other investors across the nation, many of whom are also plaintiffs in this action. We are, however, unable to entertain the appeal from the unnamed plaintiffs because their notice of appeal, which reads "Eldon A. Busch, et al., plaintiffs above named," fails to identify all of the appealing parties and thus fails to provide the required notice of appeal to the opposing parties or to the court. *Torres v. Oakland Scavenger, Co.,* 487 U.S. 312, 317-18, 108 S.Ct. 2405, 2408-09, 101 L.Ed.2d 285 (1988); *Griffith v. Johnston,* 899 F.2d 1427, 1430 (5th Cir.1990), *cert. denied,* 498 U.S. 1040, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991); Fed.R.App.P. 3(c). Since the instant appeal, Fed.R.App.P. 3(c) has been amended. We might have a different result under the new rule.

firm), discussing the tax advantages offered by the securities.

Relying on the tax opinion and offering memorandum in the prospectus, Busch invested in the limited partnership interests. When the tax shelter did not pan out as expected, Busch filed suit in the Southern District of Texas against Buchman, Buchman & O'Brien[2] (Buchman), Barrister Associates, and other defendants; Busch later dismissed Barrister Associates and the other defendants, leaving only Buchman. In Busch's complaint, he alleged that Buchman violated Rule 10b-5 because the opinion letter and the offering memorandum misrepresented information and failed to disclose material information about the limited partnership interests.

Buchman filed a Rule 12(b) Motion, arguing that the law firm was not subject to personal jurisdiction in Texas because (1) no act constituting a violation under the 1934 Securities Exchange Act occurred in Texas and (2) it did not have minimum contacts with Texas. The district court agreed. Busch appeals the dismissal of his complaint.

## II. Analysis

### A. Subject Matter Jurisdiction

Section 27 of the 1934 Securities Exchange Act, as amended, grants subject matter jurisdiction to a district court where "any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa (West Supp.1993).[3] In an effort to dodge the jurisdiction of the Southern District of Texas, Buchman tries to distance itself from Barrister's nationwide marketing of the limited

---

[2]The plaintiffs sued individual partners of Buchman, Buchman & O'Brien as well as the law firm; we refer to them collectively as "Buchman."

[3]Section 78aa provides:

> The district courts of the United States ... shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violations occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoining any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found....

partnership interests. Buchman argues that because it drafted the documents in New York for a promoter in New York, it is not responsible for Barrister's subsequent nationwide mailing of the prospectus. But this parochial view of the facts belies the realities of the business transaction.

Buchman drafted the tax opinion and the confidential memorandum, knowing that both would be included in the prospectus. And Buchman knew that Barrister intended to market the securities nationwide, which it did. Given that the only attractive feature of the limited partnership investment was its tax-sheltering effect, Buchman had to know that investors would rely on their tax opinion. While Buchman ostensibly made representations about the tax effects of the partnership interests to Barrister (both documents were addressed to Barrister), in reality, Buchman was representing the tax advantages of the investments to all potential investors. True, Barrister mailed the prospectus, but Buchman's tax opinion and offering memorandum were the crux of the sales pitch; the investors were actually relying on Buchman's representations about the tax-sheltering effects of the securities.

Buchman knew that the prospectus would be marketed nationwide, and Busch received the prospectus in Houston and relied upon Buchman's representations when he purchased the securities. Therefore, the Southern District of Texas has jurisdiction under § 78aa.

## B. Constitutionality

Once a case is filed in an appropriate district under § 78aa, the statute gives the district court the authority to serve defendants nationwide. Congress' grant of this power under § 78aa is limited only by the constraints of constitutional due process.

This is not the first time we have dealt with a federal court's ability to get personal jurisdiction over a defendant when the suit is based upon a federal statute providing nationwide service of process. In *Federal Trade Comm'n v. Jim Walters Corp.,* we held that "due process requires only that a defendant in a federal suit have minimum contacts with the United States." 651 F.2d 251, 256 (5th Cir.1981). We grounded our holding on the understanding that "[t]he doctrine [of personal jurisdiction] arises out of the limitations inherent in concepts of sovereignty." *Id.*

The Supreme Court, however, rejected this sovereignty analysis in *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites,* 456 U.S. 694, 701, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492

(1982) (stating that the requirement of personal jurisdiction protects an individual liberty interest grounded in the Due Process Clause, and not on notions of sovereignty).  But, even under the due process rationale of *Bauxites,* the holding of *Jim Walters* remains.

A court can exercise personal jurisdiction over a defendant if the defendant has had minimum contacts with the forum and the maintenance of the suit in the forum will not offend traditional notions of fair play and substantial justice.  *Asahi Metal Indus. v. Superior Court of Calif.,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987).  From *Bauxites,* we know that this jurisdictional limitation flows not from notions of sovereignty, but from the Due Process Clause. *Bauxites,* 456 U.S. at 701, 102 S.Ct. at 2104.  Sovereignty, however, may remain germane because it defines the scope of the due process analysis.

In cases where a state is attempting to get extraterritorial jurisdiction over a defendant, the inquiry is whether the defendant has had minimum contacts with the state.  *International Shoe Co. v. Washington,* 326 U.S. 310, 315, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).  And, when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States.  *United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320, 1330 (6th Cir.1993);  *United Electrical, Radio & Machine Workers of Am. v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1085 (1st Cir.1992);  *Go-Video Inc. v. Akai Elec. Co., Ltd.,* 885 F.2d 1406, 1414-16 (9th Cir.1989) (rejecting argument that *Bauxites* prohibits national contacts approach);  *Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668, 671-72 (7th Cir.1987), *cert. denied,* 485 U.S. 1007, 108 S.Ct. 1472, 99 L.Ed.2d 700 (1988);  *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1315-16 (9th Cir.1985), *rev'd on other grounds sub nom.,* --- U.S. ----, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992);  *Texas Trading & Milling Corp. v. Federal Republic of Nigeria,* 647 F.2d 300, 314-15 (2d Cir.1981), *cert. denied,* 454 U.S. 1148, 102 S.Ct. 1012, 71 L.Ed.2d 301 (1982).[4]  Thus, while

---

[4]In his dissent, Judge Garza argues that *Bauxites* prohibits the national contacts approach.  The Supreme Court, however, apparently disagrees because on two occasions after *Bauxites* the Court deliberately ducked the national contacts question.  *See Asahi,* 480 U.S. at 111 n. *, 107 S.Ct. at 1032 n. *;  *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 103 n. 5, 108 S.Ct. 404, 409 n. 5, 98 L.Ed.2d 415 (1987).  By reaffirming the national contacts approach, we are

the Due Process Clause must be satisfied if a forum is to acquire personal jurisdiction over a defendant, sovereignty defines the scope of the due process test.

Here, the due process concerns of the Fifth Amendment are satisfied. Given that the relevant sovereign is the United States, it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over a defendant residing within the United States. *Cf. Burnham v. Superior Court of Calif.,* 495 U.S. 604, 620, 110 S.Ct. 2105, 2116, 109 L.Ed.2d 631 (1990).

### III. Conclusion

The district court in the Southern District of Texas has subject matter jurisdiction under § 78aa, because Busch purchased the securities after receiving and relying upon Buchman's tax opinion and offering memorandum in Houston. Further, the court has personal jurisdiction over Buchman because Buchman has minimum contacts with the United States and resides herein.

The judgment, only for the claims of Eldon A. Busch, is REVERSED. To that extent the case is REMANDED. The appeal of the unnamed plaintiffs is DISMISSED.

EMILIO M. GARZA, Circuit Judge, dissenting:

The majority holds (1) that "[t]he Southern District of Texas has [subject matter] jurisdiction under § 78aa" and (2) that "[g]iven that the relevant sovereign is the United States, it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over a defendant residing within the United States." Because the majority confuses the rationales underlying the requirements of subject matter and personal jurisdiction, I respectfully dissent.

I agree that "the Southern District of Texas has [subject matter] jurisdiction under § 78aa."[1] *See* 15 U.S.C. § 78aa. However, as the Supreme Court made clear in *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), the rationale

following every other federal circuit that has faced this issue after *Bauxites.*

[1]I disagree, however, with the way the majority reaches its conclusion. The majority reads § 78aa to require that the act constituting the violation occur in a specific federal district, for that district to obtain subject matter jurisdiction. This analysis confuses § 78aa's separate treatment of subject matter jurisdiction, personal jurisdiction, and venue. For purposes of subject matter jurisdiction, the statute clearly states that "[t]he district courts of the United States ... shall have exclusive jurisdiction of violations of this chapter." The statute's language concerning where an action may be brought refers to venue, and not subject matter jurisdiction.

supporting subject matter, as opposed to personal jurisdiction, is different. In *Bauxites,* the Supreme

Court stated the following:

> Subject-matter jurisdiction ... is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign.... None of this is true with respect to personal jurisdiction. The requirement that a court have personal jurisdiction flows not from Art. III, but from the Due Process Clause. The personal jurisdiction requirement recognizes and protects an individual liberty interest.

*Id.* at 701, 102 S.Ct. at 2104. These fundamental differences between subject matter and personal

jurisdiction undermine the majority's Due Process analysis in Part II.B.[2] I agree that "the test for

personal jurisdiction requires that the maintenance of the suit ... not offend traditional notions of fair

play and substantial justice." *Id.* (attributions omitted). I disagree, however, with the majority's

conclusion that "[s]overeignty ... may remain germane [in determining personal jurisdiction] because

it defines the scope of the due process analysis." *See id.* ("[Personal jurisdiction] represents a

restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.").

Because the personal jurisdiction requirement is a function of the individual liberty interest, the proper

focus for a personal jurisdiction test should be on protecting an individual's liberty interest in avoiding

the burdens of litigating in a distant or inconvenient forum.[3] Requiring that the individual defendant

in a national service of process case only reside somewhere in the United States does not protect this

---

[2]No one disputes that the nationwide service of process contemplated by § 78aa is limited by the Due Process clause of the Fifth Amendment. *See, e.g., Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1313-17 (9th Cir.1985), *rev'd on other grounds,* --- U.S. ----, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992). In other words, while § 78aa provides a basis for conferring personal jurisdiction, it does not address a defendant's amenability to suit for purposes of satisfying due process. *See, e.g., International Shoe Co. v. State of Washington,* 326 U.S. 310, 317, 66 S.Ct. 154, 159, 90 L.Ed. 95 ("True, some of the decisions holding the corporation amenable to suit have been supported by resort to the legal fiction that it has given its consent to service and suit, consent being implied from its presence in the state through the acts of its authorized agents. But more realistically it may be said that those authorized acts were of such a nature as to justify the fiction." (citations omitted)); *id.* at 319, 66 S.Ct. at 160 ("Whether due process is satisfied must [therefore] depend ... on the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure.").

[3]*See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 290, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980) ("The concept of minimum contacts ... protects the defendant against the burdens of litigating in a distant or nonconvenient forum.... The protection against inconvenient litigation is typically described in terms of "reasonableness' or "fairness.' ").

interest.[4]  Consequently, I believe that the majority errs when it concludes that the proper personal

jurisdiction test in a national service of process case is whether minimum contacts exist between the

individual defendant and the national sovereign.  The authority[5] which the majority cites are not

persuasive in light of *Bauxites.*  Accordingly, I respectfully dissent.

---

[4]*See* Jon Heller, *Pendent Personal Jurisdiction and Nationwide Service of Process,* 64
N.Y.U.L.Rev. 113 (1989) ("The national contacts test implies that, when process is served
pursuant to a nationwide service of process statute, the only limitation upon assertion of personal
jurisdiction imposed by due process is sovereign power.  None of the reasoning advanced in
support of this test, however, explains why the Supreme Court's fairness requirement is met when
defendants are forced to defend suits in distant or inconvenient forums with which they do not
have minimum contacts.");  Robert A. Lasardi, *Nationwide Service of Process:  Due Process
Limitations on the Power of the Sovereign,* 33 Vill.L.Rev. 1 (1988) ("If individual liberty, or
fairness, is the key, then whether or not the defendant is within the sovereign's boundaries, and
therefore subject to its sovereign power, she is entitled to protection from an unfair choice of
forum.");  Stewart M. Middleman, *Federal Courts—Due Process Protection Against Assertions
of Personal Jurisdiction in Federal Question Cases—Securities Investor Corp. v. Vigman,* 764
F.2d 1309 (9th Cir.1985), 59 Temp.L.Q. 1267 (1986) ("It would seem that if a defendant's
fourteenth amendment individual liberty interest can be violated by burdensome litigation then, in
at least some federal question cases, burdensome litigation could also violate a defendant's
individual liberty interest protected by the fifth amendment's due process clause.").

[5]*See* Maj. Slip. op. at ---- (citing *inter alia United Liberty Life Ins. Co. v. Ryan,* 985 F.2d
1320, 1330 (6th Cir.1993);  *Vigman,* 764 F.2d at 1315-16).