**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 95-31013
Summary Calendar
_____


HUBERT FONTENOT,
d/b/a Fontenot's Meter Clock Service, Inc.

Plaintiff-Appellant,

VERSUS


MULLINS MANUFACTURING COMPANY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Louisiana
(94-CV-1676)
_____
May 1, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Hubert Fontenot appeals the district court's dismissal of his suit against Mullins Manufacturing Company for lack of personal jurisdiction.  We reverse.

I.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

This case began in Louisiana state court. Fontenot, a Louisiana resident who repairs clocks, filed suit in St. Landry Parish alleging that Mullins, a Texas corporation, had intentionally failed to fill his orders for various parts. He claimed that Mullins was attempting to put him out of business and to create a monopoly over the repair of the devices it manufactures. Fontenot requested damages in an amount not to exceed $49,999 and any "penalties, attorneys' fees, costs, and relief" available under Louisiana law, including treble damages under Louisiana's Unfair Trade Practices Act. La. Rev. Stat. Ann. § 51:1409 (West 1987).

Mullins removed the case to federal court on diversity grounds. Arguing that he had not placed greater than S50,000 in controversy, Fontenot filed a motion for a remand. The district court denied the motion, <u>sua sponte</u> finding that it had federal question jurisdiction because the facts set out by Fontenot in the complaint supported claims under the Sherman and the Clayton Anti-Trust Acts.

## II.

Fontenot does not challenge the district court's determination that his complaint stated causes of action under the Sherman and Clayton Acts. The only issue presented on appeal is whether the court has personal jurisdiction over Mullins. This court has recognized that the Clayton Act provides for nationwide service of process. <u>Black v. Acme Markets, Inc.</u>, 564 F.2d 681, 683-84 (5th Cir. 1977). "[W]hen a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a

federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States." Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1257 (5th Cir. 1994)(citing, inter alia, Go-Video Inc. v. Akai Elec. Co., Ltd., 885 F.2d 1406, 1414-16 (9th Cir. 1989), which relies on the Clayton Act's "worldwide" service of process provisions to hold that a defendant need only have minimum contacts with the United States). The relevant minimum contacts inquiry here, therefore, is whether Mullins had sufficient minimum contacts with the United States. Mullins is a resident of the United States. Therefore, due process concerns and "traditional notions of fair play and substantial justice" are not violated by the district court's exercise of personal jurisdiction over Mullins. Id. The district court erred in dismissing this case for lack of personal jurisdiction. We reverse and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.