Jennifer McCLUSKEY, through her legal guardian, Robert Peay, et al., Plaintiffs,

v.

BELLSOUTH MEDICAL ASSISTANCE PLAN, et al., Defendants.

No. 2:97 CV 916 K.

United States District Court, D. Utah, Central Division.

Oct. 13, 1998.

Brian S. King, Marcie E. Schaap, King & Isaacson, Salt Lake City, UT, for Robert Peay, Teen Help, Delbert E. Goates.

Gary L. Johnson, Richards Brandt Miller & Nelson, Salt Lake City, UT, Keith W. Kochler, BellSouth Telecommunications, Atlanta, GA, for BellSouth Medical Assistance Plan, Blue Cross Blue Shield of Alabama.

## ORDER

KIMBALL, District Judge.

Before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction or, in the Alternative, to Transfer. Oral argument of the motion was held on September 22, 1998. At that time, Plaintiffs' counsel first asserted that personal jurisdiction over Defendants could be based on a provision of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001–1461, that authorizes nationwide service of process. 29 U.S.C. § 1132(e). Because of the importance and the complexity of the issue involved, the Court invited both parties to submit further memoranda addressing the "national contacts" test for personal jurisdiction in the ERISA context.[1]

### FACTUAL BACKGROUND

Plaintiff Jennifer McCluskey seeks a determination of medical benefits due pursuant to 29 U.S.C. § 1132(A)(1)(B). At the time of the events at issue, McCluskey was 15 years old and lived in Tennessee with her guardian, Robert Peay. Peay was employed by BellSouth Telecommunications, Inc. McCluskey was covered by the insurance plan provided by Peay's employer—Defendant BellSouth Medical Assistance Plan (the "Plan"). The Plan was sponsored and administered by the parent company of Peay's employer, BellSouth Corporation, headquartered in Georgia. Defendant Blue Cross & Blue Shield of Alabama ("Blue Cross"), located in Birmingham, Alabama, provided third-party administration services to the Plan.

The present action arises out of McCluskey's decision to obtain in-patient treatment from Plaintiff Teen Help (dba Brightway Adolescent Hospital) in St. George, Utah, which she did when her family and physicians in Tennessee determined that she needed treatment in an atmosphere removed from the influences of her friends and peers. The Plan's utilization review agent, United HealthCare, precertified the treatment at the time. Ultimately, however, the Plan refused to pay 100% of the covered charges on the grounds that preferred providers' services were not used.

McCluskey and Peay executed an assignment of benefits in favor of Brightway Adolescent Hospital and Plaintiff Dr. Delbert Goates, who treated McCluskey while she was there. All brought suit against the Plan and Blue Cross.

### DISCUSSION

Under the traditional test for determining whether a federal district court has jurisdiction over a defendant in an action arising under federal law, the court must determine both that there is a statutory basis for asserting jurisdiction over the defendant and, second, that exercising jurisdiction comports with the requirements of the Due Process Clause of the Fifth Amendment. *Phone*

---

1. This Court's willingness to consider this issue should not be interpreted as acceptance of the practice of waiting until oral argument to advance complex legal arguments.

*Directories Company v. Contel Corp.*, 786 F.Supp. 930, 942 (D.Utah 1992). "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) *(internal citation omitted)*.

■ Under the national contacts test, "when a federal court attempts 'to exercise jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States.'" *Bellaire General Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 825 (5th Cir.1996) *(quoting Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir.1994))*. ERISA contains such a provision.[2]

The rationale behind the national contacts test is that in such cases, the relevant sovereign is the United States and the due process concerns of the Fifth Amendment are satisfied where a court exercises personal jurisdiction over a defendant residing within the United States. *Id.*

■ The Court of Appeals for the Fifth Circuit is apparently the only circuit court to have adopted the national contacts test for personal jurisdiction in the ERISA context. Neither the United States Supreme Court, the Court of Appeals for the Tenth Circuit, nor any other court within this district has held that it is an appropriate test for personal jurisdiction in ERISA cases. Moreover, in *Bellaire*, the Fifth Circuit applied the test only because it felt bound by the precedent of *Busch*, which applied the national contacts test to actions brought under the 1934 Securities Exchange Act.

In fact, *Bellaire* sets forward a compelling attack on the test's legal foundations. The court made clear that it followed *Busch* with "grave misgivings" and emphasized its disagreement with the case "to the extent it concludes that the proper personal jurisdiction test in a national service of process case is whether minimum contacts exist between the individual and the national sovereign." *Bellaire*, 97 F.3d at 826. The *Bellaire* court explained that because the personal jurisdiction requirement is a function of the individual liberty interest, the proper focus should be on protecting an individual's liberty interest in avoiding the burdens of litigating in a distant or inconvenient forum, not on the boundaries of the sovereign's power. *Id; see also Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) *("The personal jurisdiction requirement recognizes and protects an individual liberty interest. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty.")*. If personal jurisdiction is a matter of due process rather than sovereignty, as the Supreme Court held in *Insurance Corp. of Ireland*, then personal jurisdiction may not be exercised by a court simply because it has the power, i.e., sovereignty, to do so. An analysis of the fairness to the defendant of the exercise of jurisdiction is also required.

Another problem with the national contacts test explained by the *Bellaire* court is that it collapses the issues of personal jurisdiction and service of process into only a single inquiry. The two issues are conceptually distinct.

For these reasons, in the absence of direction from the Tenth Circuit or other higher authority, this Court will not apply the national contacts test. This decision is bolstered by numerous well-reasoned decisions holding that the requirements of the Due Process Clause apply with no less force in the ERISA context. *See, e.g., Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474 (9th Cir. 1986) *(applying due process principles and reversing dismissal of ERISA plaintiff's case for lack of personal jurisdiction)*.

---

**2.** *29 U.S.C. § 1132(e)(2)* provides: "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found."

Application of the traditional personal jurisdiction test involves a two-step inquiry. First, this Court must consider whether Defendants have the requisite minimum contacts with the District of Utah. Second, if Defendants have sufficient contacts with this forum, this Court must determine whether asserting personal jurisdiction based on such contacts is fair and reasonable. *Phone Directories, 786 F.Supp. at 943.*

 In order to find that Defendants have sufficient minimum contacts with the District of Utah, this Court must determine whether Defendants have performed some act or acts by which they have purposefully availed themselves of the privilege of conducting activities within this forum. *Id.* In this regard, it is important to remember that the "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact .... [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).

Defendants have no such contacts. Neither the Plan nor Blue Cross has any employees, active Plan participants, or other operations in Utah. Neither has an address, office, statutory agent, or telephone listing in Utah.

Plaintiffs point to the following connections between this lawsuit and Utah: (i) Plaintiff Teen Help is a Utah corporation headquartered in Utah; (ii) two of the three plaintiffs reside in Utah; (iii) treatment was provided to McCluskey in Utah by a Utah corporation; (v) Defendants issued payments to Plaintiffs in Utah; (vi) breach of the Plan terms occurred in Utah; and (vii) the administrative appeal of the denial of benefits was initiated by Plaintiffs from Utah. This listing shows that each connection between this lawsuit and Utah was a result of action initiated by Plaintiffs. It is only because of McCluskey's fortuitous selection of Utah as a treatment site, as opposed to one of numerous other possible sites, that Defendants came into contact with Utah at all.

Having determined that Defendants do not have sufficient contacts with this district to support this Court's exercise of personal jurisdiction, the "fair and reasonable" prong of the analysis is not undertaken. Accordingly, this action is dismissed.