In re L.D. BRINKMAN HOLDINGS, INC., et al., Debtors.

L.D. Brinkman Corporation, Plaintiff,

v.

Anderco Carpet Co., Inc., et al., Defendants.

Bankruptcy No. 03–34243–SAF–11. Adversary No. 03–3974.

United States Bankruptcy Court, N.D. Texas, Dallas Division.

May 20, 2004.

Marci Romick Weissenborn, Looper, Reed & McGraw, P.C., Dallas, TX, for Plaintiff.

Gregory S. Weiss, David, Goodman and Madole, P.C., Dallas, TX, for Defendants.

### MEMORANDUM OPINION
### AND ORDER

STEVEN A. FELSENTHAL, Chief Judge.

Anderco Carpet Co., Inc., one of the defendants in this adversary proceeding, moves the court to dismiss this complaint for lack of personal jurisdiction. L.D. Brinkman Corporation, the plaintiff, opposes the motion. The court conducted a hearing on the motion on March 30, 2004.

On April 29, 2003, Brinkman filed in this district a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby becoming a debtor in possession. 11 U.S.C. §§ 1107 and 1108. On December 29, 2003, Brinkman filed this adversary proceeding against Anderco to collect on a contract for the sale of goods. Anderco asserts that it has no contacts, other than this lawsuit, in the State of Texas and, as a result, may not be sued in the United States District Court for the Northern District of Texas. Invoking Fed.R.Civ.P. 12(b)(2), made applicable by Bankruptcy Rule 7012, Anderco moves to dismiss the complaint against it.

Anderco has filed the affidavit of Michael Ismail, its president, in support of its motion. Ismail avers that Anderco is a California corporation, with its headquarters and only place of business in Los Angeles, California. He further avers:

> Anderco has never done any of the following: (a) operated, conducted, engaged in, carried on, or otherwise transacted business in Texas; (b) maintained offices or employees or agents in Texas; (c) advertised in Texas; (d) solicited business in Texas; (e) sold goods or services in Texas; (f) owned real property in Texas; (g) paid taxes in Texas; (h) maintained bank accounts in Texas; or (i) been a party to any litigation in Texas, except for the instant Adversary Proceeding.

In March 2003, Anderco purchased vinyl flooring from Brinkman. The vinyl flooring was located in Brinkman's facilities in Ontario, California, and Sacramento, California. According to Ismail, Anderco purchased the flooring at a discount, with the sale brokered between Brinkman and Anderco by an independent buyer, Jeff Parker, with Parker acting from his office in Atlanta, Georgia. Brinkman and Anderco had no direct communications regarding the transaction, according to Ismail. Ismail further avers that Brinkman shipped the product from Brinkman's California facilities to Anderco's California location. After Anderco took possession of the goods, the instant dispute developed.

Anderco contends that these facts establish that it had lacked minimum contacts with the State of Texas to meet the Fifth Amendment's due process standards for personal jurisdiction. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291–292, 296, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). For personal jurisdiction, Anderco asserts it must have sufficient contacts to

688

meet the general or specific jurisdiction tests. For general jurisdiction, Anderco must have continuous and systemic contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). For specific jurisdiction, Brinkman's claims must arise out of a purposeful contact by Anderco with the forum state. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Contrary to Anderco's arguments, these cases address the Fourteenth Amendment's due process standards for personal jurisdiction in state court, not the Fifth Amendment's due process standards for personal jurisdiction in federal court exercising non-diversity federal subject matter jurisdiction.

Brinkman does not assert that Anderco has sufficient contacts with the State of Texas under either approach for personal jurisdiction over Anderco if the forum state was the State of Texas. Rather, Brinkman asserts that the forum jurisdiction is the United States, with the case proceeding in the United States District Court. This court agrees with Brinkman's position.

■■■ "A court can exercise personal jurisdiction over a defendant if the defendant has had minimum contacts with the forum and the maintenance of the suit in the forum will not offend traditional notions of fair play and substantial justice." *Busch v. Buchman, Buchman & O'Brien, Law Firm,* 11 F.3d 1255, 1257 (5th Cir. 1994). "[w]hen a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has had minimum contacts with the United States." *Id.* at 1258.

■■■ Congress has enacted the Bankruptcy Code pursuant to the power dele-gated to Congress by Art. I, § 8, cl. 4 of the U.S. Constitution. When Congress exercises its power under the bankruptcy clause, the subject of bankruptcy law is exclusively a matter of federal law. *New Lamp Chimney Co. v. Ansonia Brass and Copper Co:,* 91 U.S. 656, 661, 23 L.Ed. 336 (1875)(enactment of a uniform bankruptcy law by Congress pursuant to the Constitutional delegation makes the bankruptcy law exclusive throughout the United States); *Buchholz v. South Beardstown Drainage & Levee Dist. (In re South Beardstown Drainage & Levee Dist.),* 125 F.2d 13, 15 (7th Cir.1941)(the Constitutional provision which gives Congress the power to enact uniform bankruptcy legislation makes the federal bankruptcy law the exclusive and dominant law of the land on the subject of bankruptcy); *In re Rusco Indus., Inc.,* 104 B.R. 548, 552 (Bankr. S.D.Ga.1989). Under the Bankruptcy Code, the federal court has subject matter jurisdiction over Brinkman's lawsuit against Anderco. Brinkman's breach of contract claim belongs to the bankruptcy estate. 11 U.S.C. § 541. The federal district court has exclusive jurisdiction over property of the bankruptcy estate. 28 U.S.C. § 1334(e). The liquidation of the claim can have a conceivable effect on the administration of the bankruptcy estate, giving the federal court jurisdiction over the litigation. 28 U.S.C. § 1334(b). Even though the merits of the claim may be determined by the application of state law, *First City Beaumont v. Durkay (In re Ford),* 967 F.2d 1047, 1050 (5th Cir.1992) (en banc), the federal court has subject matter jurisdiction under the Bankruptcy Code.

■■■ With federal subject matter jurisdiction, the determination of personal jurisdiction becomes a matter of federal contacts, not state contacts. Anderco has minimum contacts with the United States.

Anderco argues that assumption of jurisdiction would offend notions of fair play. Anderco asserts that the transaction occurred in California with the majority of documents located in California or Georgia. As described above, a federal interest exists as a result of the enactment of the Bankruptcy Code pursuant to the Constitutional delegation of authority to Congress. Exercising personal jurisdiction over Anderco in federal court in the Northern District of Texas pursuant to that enactment does not prejudice Anderco. Documents may be easily transported from California and Georgia to Texas. Anderco's witnesses are a flight away from Dallas, as is Parker. Alternatively, Parker's testimony for trial may be preserved by deposition. Furthermore, Anderco may file a motion to transfer venue, which provides Anderco with a procedure to test the convenience of the Texas federal court venue. Here, as in *Busch,* "the due process concerns of the Fifth Amendment are satisfied. Given that the relevant sovereign is the United States, it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over [Anderco,] a defendant residing within the United States." 11 F.3d at 1258.

The bankruptcy process includes a provision for nationwide service of process to bring parties before the court. Bankruptcy Rule 7004(d). Anderco has been properly served under Rule 7004(d). The court therefore has personal jurisdiction over Anderco.

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **DENIED**.