IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D

May 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-10647

PAMELA LUALLEN,

Plaintiff - Appellee,

v.

ROY D HIGGS; FRANK L SCHWARTZ; RICK LAWTON,

Defendants - Appellants.

Appeal from the United States District Court
for the Northern District of Texas
4:06-CV-585-A

Before REAVLEY, JOLLY, and GARZA, Circuit Judges.

PER CURIAM:[*]

The defendants-appellants, Roy D. Higgs, Frank L. Schwartz, and Rick Lawton (the "defendants"), each proceeding pro se, appeal the district court's denial of their motions to dismiss for lack of personal jurisdiction. We AFFIRM.

This is a case of securities fraud. The complaint alleges, among other things, that the defendants engaged in the fraudulent sale of purported mining claims on public land outside of Las Vegas in the Mojave Desert. According to the complaint, the defendants were involved with an organization called Earthly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mineral Solutions, Inc. ("EMS"), which employed a network of sales agents to sell unregistered securities in the form of fractional shares of mineral leases. The defendants allegedly made false and misleading statements regarding these mineral leases that induced the plaintiff-appellee, Pamela Luallen, a resident of Texas, to invest in a lease. According to Luallen, the defendant Higgs convinced her to invest in the lease and the defendant Lawton—a Nevada lawyer—prepared a "Grant, Bargain and Sale Deed" that was executed by the defendant Schwartz and sent to Luallen; Schwartz also sent the plaintiff emails designed to reassure her about the status of the investment. Luallen claims that the defendants' operation was merely a Ponzi scheme, which caused her substantial damages.

The plaintiff filed her suit in the Northern District of Texas alleging causes of action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., Rule 10b of the Securities & Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and related claims under Texas law. Eventually, the district court entered a default judgment against the defendants based on the defendants' non-compliance with several court orders. The court concluded that the plaintiff failed to allege a RICO claim, but granted a default judgment against the defendants on the plaintiff's Exchange Act claim and the related state law claims.

Earlier in the litigation, prior to entry of the default judgment, the defendants sought to challenge personal jurisdiction. Each of the defendants filed essentially identical documents titled "Notice to Join Defendant McConnell's Motion to Dismiss and in the Alternative Challenge Jurisdictions [sic]." In these documents, the defendants moved the district court to dismiss on the basis of lack of personal jurisdiction. Attached to each document was an affidavit declaring that the defendants were residents of Nevada, that any actions taken on behalf of EMS occurred in their capacity as corporate officers

and not individuals, and that there had been no contacts with Texas, or with the plaintiff outside of Nevada. Although the district court expressed concern over whether these documents were procedurally proper, the district court apparently construed the documents as motions and denied the motions on the merits.

On appeal, the defendants do not question the merits of the default judgment against them. Instead, the defendants' sole challenge to the judgment is that the district court erred in denying their motions to dismiss for lack of personal jurisdiction.[1]

We review a district court's decision to exercise personal jurisdiction over a nonresident defendant de novo. Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327, 342 (5th Cir. 2004).

The defendants argue that their contacts with Texas were insufficient to support the district court's exercise of personal jurisdiction over them under a theory of either specific or general jurisdiction. However, in this case, the district court entered a default judgment against the defendants on the claim for federal securities fraud under the Exchange Act. The Exchange Act contains a provision providing for nationwide service of process. See 15 U.S.C. § 78aa (stating that "process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. . . ."). We have explained that "when a federal court is attempting to exercise personal jurisdiction over a defendant in a suit based upon a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant had minimum contacts with the United States." Busch v. Buchman, Buchman &

---

[1] Only the defendant-appellant Rick Lawton, a Nevada lawyer, filed a brief and a reply brief in this appeal. However, the other defendants-appellants adopted Lawton's briefs as their own. See FED. R. APP. P. 28(i) ("In a case involving more than one appellant or appellee . . . any number of appellants or appellees may join in a brief . . . . Parties may also join in reply briefs."). Thus, we accept Lawton's arguments, to the extent they apply, as the arguments of the defendants-appellants collectively.

O'Brien, Law Firm, 11 F.3d 1255, 1258 (5th Cir. 1994) (emphasis added). Thus, in analyzing whether personal jurisdiction is proper under § 78aa of the Exchange Act, we analyze whether the defendants had sufficient minimum contacts with the United States. See Busch, 11 F.3d at 1257–58. Here, each of the defendants was a resident of the state of Nevada. Therefore, the minimum contacts test was satisfied and the due process concerns of the Fifth Amendment were not offended. See Busch, 11 F.3d at 1258 ("Given that the relevant sovereign is the United States, it does not offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over a defendant residing within the United States.").[2] The district court thus properly exercised

---

[2] In the reply brief, the defendants argue for the first time that the statutory requirements of § 78aa are not satisfied. The defendants point out that § 78aa of the Exchange Act authorizes a suit to be brought in the district where "any act or transaction constituting the violation occurred." The defendants argue that the act of soliciting sales in Texas is insufficient. We disagree. "The 'act' contemplated by the statute need not be crucial, nor must the fraudulent scheme be hatched in the forum district." Hilgeman v. Nat. Ins. Co. of Am., 547 F.2d 298, 301 (5th Cir. 1977) (internal quotation marks omitted). Although, the act must be of "material importance to the consummation of the scheme." Id. Soliciting sales in Texas was of material importance to the consummation of the defendants' scheme involving the fraudulent sales of the Nevada mineral leases and thus was sufficient to satisfy the requirements of § 78aa and to authorize suit in Texas. Further, the plaintiff alleged, and the defendants did not adequately dispute, that based on the defendants' representations, the plaintiff, a Texas resident, wired funds from Texas to Nevada. This act further supports our finding that suit was properly filed in Texas under § 78aa. See, e.g., Busch, 11 F.3d at 1257 (concluding that a defendant who drafted a prospectus in New York, but did not mail the prospectus, was nonetheless subject to suit under § 78aa in a location where the prospectus was mailed and relied upon because the defendant "knew the prospectus would be marketed nationwide."); Hilgeman, 547 F.2d at 302 (sending a premium payment notice to Alabama found sufficient to establish venue in Alabama where the notice was part of a scheme designed to extract ongoing annual payments from a plaintiff who had been fraudulently induced to purchase a security); Mariash v. Morrill, 496 F.2d 1138, 1144 (2d Cir. 1974) (finding that mailing from the forum state an item of essential importance to the alleged fraud was sufficient to satisfy venue); Hooper v. Mountain States Sec. Corp., 282 F.2d 195, 205 (5th Cir. 1960) (finding that a single telephone call of material importance to the scheme was sufficient to establish venue, and noting that the call from Texas to Alabama was an occurrence taking place in Alabama as well as Texas). Finally, we note that each of the defendants had an alleged role in the Ponzi scheme, thus satisfying the § 78aa requirements for each of the defendants. See Hilgeman, 547 F.2d at 302 n.12 ("[I]n a multi-defendant securities proceeding, where a common scheme of acts or transactions to violate the securities act is alleged, if venue is established for any of the defendants in the forum district there is sufficient justification to

personal jurisdiction over the defendants. See Trust Co. of Louisiana v. N.N.P. Inc., 104 F.3d 1478, 1486–87, 1491 (5th Cir. 1997) (concluding that the district court's exercise of personal jurisdiction over a defendant was proper under § 78aa where the defendant "indisputably had" sufficient contacts with the United States and affirming the judgment against the defendant under federal securities law and Louisiana law).

The defendants criticize and urge us not to follow our decision in Busch. The defendants point out that Busch was criticized by a subsequent panel of this court in Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich., 97 F.3d 822 (5th Cir. 1996). However, although the panel in Bellaire criticized Busch, it nonetheless "dutifully appl[ied]" that prior panel decision, as our rules require. Bellaire Gen. Hosp., 97 F.3d at 826. That panel concluded: "[W]e find that the instant case falls squarely within our Busch holding, and hold that the district court properly exercised personal jurisdiction over Blue Cross based on its contacts with the United States." Id. Likewise, we dutifully apply Busch and conclude that the district court properly exercised personal jurisdiction over the defendants under § 78aa based on their sufficient contacts with the United States.[3]

AFFIRMED.

---

establish venue as to the other defendants.").

[3] The district court concluded that the plaintiff's complaint failed to state a claim under RICO. The defendants appear to challenge the district court's exercise of personal jurisdiction under RICO only to the extent that RICO provided the sole basis for the district court's exercise of personal jurisdiction. Because the district court had personal jurisdiction over the defendants under § 78aa of the Exchange Act, we do not address this issue.