**Allen BURKHART, Plaintiff,**

**v.**

**MEDSERV CORPORATION d/b/a Primedica Hospital Services Division, and Cigna d/b/a Connecticut General Life Insurance Company, A Cigna Group Insurance Company, Defendants.**

**Civil No. 95–5230.**

United States District Court,
W.D. Arkansas,
Fayetteville Division.

March 1, 1996.

920

Laura J. McKinnon, Fayetteville, AR, for Plaintiff.

J. David Wall, Shawn D. Twing, Bassett Law Firm, Fayetteville, AR, for Medserv.

Scott M. Strauss, Barber, McCaskill, Amsler, Jones & Hale, Little Rock, AR, for CIGNA.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

This matter is currently before the court on the motion to dismiss, or in the alternative, motion for more definite statement, filed by Medserv d/b/a Primedica Hospital Services Division. Medserv contends this action should be dismissed for the following reasons: (1) the court lacks personal jurisdiction over it; (2) venue is improper; and (3) the complaint fails to state a claim for relief against it. Alternatively, Medserv asks that the plaintiff be directed to file a more definite statement on the basis that the complaint is so vague and ambiguous that Medserv cannot prepare an answer.

### Background.

This action arises under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* The plaintiff, Allen Burkhart, contends he is entitled to long-term disability benefits under an employee benefit plan offered to employees of Primedica Hospital Services Division of Medserv Corporation. Specifically, plaintiff alleges that as an employee of Prevost Memorial Hospital in Donaldsville, Louisiana, he participated in a group health program provided by Connecticut General Life Insurance Company, a Cigna Company. It is alleged that Medserv Corporation is a Delaware corporation which is headquartered in Marietta, Georgia. It is also alleged that Medserv and Connecticut General Life Insurance Company are both plan administrators.

The complaint alleges that Mr. Burkhart became disabled on October 21, 1992, and left his employment with Primedica Hospital Services Division of Medserv Corporation. Plaintiff further alleges that on or before December 7, 1993, Connecticut General Life was notified the plaintiff was disabled. However, plaintiff asserts Connecticut General Life has continuously denied coverage under the long-term disability plan. Plaintiff asserts that he pursued "internal appeals" and the benefit denial was upheld on appeal.

### Personal Jurisdiction.

Medserv first argues that it has no contacts with the State of Arkansas and is therefore not subject to jurisdiction here. Med-

serv points out that the complaint does not allege a single contact between it and the State of Arkansas. It states the only contact mentioned in the complaint is the existence of an employer/employee relationship while plaintiff worked for a division of Medserv at Prevost Memorial Hospital in Donaldsville, Louisiana.

While the complaint does allege Medserv is one of the plan administrators, Medserv points out that there is no allegation that the plan is administered in Arkansas or that the decision to deny benefits was made in Arkansas. In fact, Medserv argues the only contact with Arkansas apparent from the complaint is the fact that plaintiff resides here.

Plaintiff does not attempt to point the court to any contacts Medserv has with the State of Arkansas. Rather, plaintiff points out that ERISA provides that process may be served in any district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Additionally, plaintiff contends that he served Medserv in compliance with this provision and the applicable procedural rules.

Plaintiff appears to believe that Medserv is challenging the propriety of service of process rather than challenging its amenability to suit in this district. As plaintiff draws no distinction between service of process and personal jurisdiction, the court will construe his argument to be that the two concepts are merged in ERISA actions because of ERISA's provision for nationwide service of process. Succinctly put, the argument would be that ERISA's provision for nationwide service of process subjects an ERISA defendant to personal jurisdiction in any district court in the United States.

In diversity cases a non-resident defendant's amenability to suit in a given district is determined by reference to the state long-arm statute. Arkansas' long-arm statute extends personal jurisdiction "to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark.Code Ann. § 16–4–101(B) (Supp.1995). In federal question cases, the Supreme Court has held that in the absence of any statutory provision for service of process a non-resident defendant's amenability to suit is determined by reference to the state's long-arm statute. *Omni Capital International v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).

This left an open question with respect to federal question cases where the federal statute provided for nationwide service of process. Most courts that have addressed this issue have rejected the application of the state long-arm statutes and have applied a national contacts standard. *See generally* 4 Charles A. Wright, Arthur R. Miller, *Federal Practice and Procedure* § 1067.1 (2d ed. 1987 & Supp.1995). However, there is no ready consensus on the standards to be applied in the national contacts approach.

Some courts dealing with federal statutes which provide for nationwide service of process have held that such statutes subject the non-resident defendant to personal jurisdiction anywhere in the country, regardless of contact with the court's territorial jurisdiction. *See e.g. Busch v. Buchman, Buchman & O'Brien,* 11 F.3d 1255 (5th Cir.1994); *Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668, 671 (7th Cir.1987) (RICO, § 1965(b), creates personal jurisdiction by authorizing nationwide service of process), *cert. denied,* 485 U.S. 1007, 108 S.Ct. 1472, 99 L.Ed.2d 700 (1988); *Central States, Southeast and Southwest Areas Pension Fund v. Goldstein,* No. 94–C–7176, 1995 W.L. 221848 (N.D.Ill. Apr. 11, 1995) (personal jurisdiction over American defendants in ERISA action is proper in any federal court). Under this application of the national contacts test, when a defendant resides and conducts business within the United States, *i.e.* when the defendant has minimum contacts with the United States, the court has personal jurisdiction over him. *See McCracken v. Auto Club of Southern California,* 891 F.Supp. 559 (D.Kan.1995) (ERISA case).

Other courts have held that "federal statutes that provided for nationwide service of process do not necessarily provide nationwide personal jurisdiction." *See e.g., Willingway Hosp. v. Blue Cross & Blue Shield,* 870 F.Supp. 1102, 1104 (S.D.Ga.1994). Under this view, "[s]ervice of process and per-

sonal jurisdiction are linked only in so far as they both must be satisfied before a case can go forward." *Id.* In at least one court's view "[t]o allow Congress to dictate personal jurisdiction through the enactment of nation-wide service of process provisions, unquestioned by the judiciary is nonsensical." *Id.* at 1106. The test as stated by that court is as follows:

> in cases where Congress's purpose in expanding personal jurisdiction would not be advanced by extending jurisdiction in a particular case, the *International Shoe* test can be afforded greater weight. Congress includes nationwide service provisions in federal statutes to achieve defined purposes and has done so on numerous occasions.... Consequently, when such purposes are absent in a particular case, then the due process analysis should take this into account. "When no special federal interest is implicated ... extraterritorial assertions of jurisdiction should be expected to comport, under the Fifth Amendment national contacts test, with the same basic notions of 'fair play and substantial justice' that inform the International Shoe standards."

*Id.* at 1108.

To the extent the Eighth Circuit has addressed this issue, it has applied the traditional minimum contacts analysis to determine the nature and extent of the non-resident defendant's contacts with the forum state. *See Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1389 n. 2 (8th Cir.1991); *South Dakota v. Kansas City S. Indus., Inc.,* 880 F.2d 40, 44 n. 10 (8th Cir.1989), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990). *See also Chemtech Industries v. Goldman Financial Group, Inc.,* 156 F.R.D. 181, 183–84 (E.D.Mo.1994). The Eighth Circuit recognized that due process was examined in light of the Fifth Amendment rather than the Fourteenth Amendment. *Dakota Industries,* 946 F.2d at 1389 n. 2. Nevertheless, it noted the Fifth Amendment is " 'essentially a recognition of the principles of justice and fundamental fairness,' *Honeywell,* 509 F.2d at 1143, so it is appropriate that we examine the contacts with the forum state." *Dakota Industries,* 946 F.2d at 1389 n. 2.

"[A] complaint should not be dismissed for want of jurisdiction, before trial, if there is any genuine issue as to any fact material to the jurisdictional question." *Radaszewski v. Telecom Corp.,* 981 F.2d 305, 309 (8th Cir.1992), *cert. denied,* 508 U.S. 908, 113 S.Ct. 2338, 124 L.Ed.2d 248 (1993). "While the facts adduced in a Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist, thereby casting the burden upon the moving party to demonstrate a lack of personal jurisdiction." *Aaron Ferer & Sons Co. v. Diversified Metals Corp.,* 564 F.2d 1211, 1215 (8th Cir.1977). *See also Dakota Industries, Inc. v. Ever Best Ltd.,* 28 F.3d 910, 915 (8th Cir.1994) (The nonmoving party need only make a prima facie showing of jurisdiction).

The plan in this case is the Medserv Corporation Group Disability Plan. The plan has not been named as a defendant. The administrator of the plan is Medserv Corporation. From what is before the court, the sole connection the administrator has with Arkansas is that a potential beneficiary, the plaintiff, resides in Arkansas. The court is given no other information regarding any contacts Medserv had with this state. We do not know if the plaintiff resided here when he made a claim for benefits and when benefits were denied. We do not know if the plaintiff performed any work for Medserv in this district or received any benefits under the terms of the plan after he resided in this district.

In short, as Medserv points out, the sole connection with this district appears to be the fact that plaintiff, a potential beneficiary under the plan, resided here when the complaint was filed. This is simply insufficient. Plaintiff has advanced nothing to show that Medserv has had any contacts with the district. While the presence of a beneficiary within the forum has been held sufficient to support personal jurisdiction over a plan, the facts of such cases indicate the plan was

administered within the forum district and/or the beneficiary performed their work or earned pension credits within the forum district. *See e.g. Ransom v. Administrative Comm.*, 820 F.Supp. 1429 (N.D.Ga.1993).

■ Plaintiff has advanced no such factors for the court's consideration. In fact, plaintiff has pointed to no contact between Medserv and the State of Arkansas to show that Medserv in any way purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283 (1958). The unilateral activity of a plaintiff claiming a relationship with a non-resident defendant does not suffice to create the requisite forum contacts. *Id.; Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984); *Kulko v. Superior Court of California*, 436 U.S. 84, 93-94, 98 S.Ct. 1690, 1697-98, 56 L.Ed.2d 132 (1978).

While we recognize that the policy of ERISA is to protect the interests of participants and beneficiaries in employee benefit plans by providing ready access to federal courts, 29 U.S.C. § 1001(b), we cannot ignore the Eighth Circuit's direction to apply minimum contacts/due process analysis to federal statutes containing nationwide service of process provisions. ERISA's policy may indicate that the due process analysis should be applied less stringently. However, we are not free to ignore the analysis altogether.

*Conclusion.*

For the reasons stated, the motion to dismiss for lack of personal jurisdiction will be granted. In view of this conclusion, we need not address the other arguments advanced by Medserv. A separate order in accordance herewith will be concurrently entered.