In re **FEDERAL FOUNTAIN, INC.,** Debtor.

David A. **WARFIELD,** Trustee of the Estate of Federal Fountain, Inc., Plaintiff,

v.

**KR ENTERTAINMENT, INC.,** Defendant.

No. 4:97CV1147 CDP.

United States District Court, E.D. Missouri, Eastern Division.

Sept. 17, 1997.

Lori Baskins, Mark Bremer, Kohn and Shands, St. Louis, MO, for KR Entertainment, Inc.

Kathryn Koch, Husch and Eppenberger, St. Louis, MO, for David A. Warfield.

Peter Lumaghi, Office of Trustee, U.S. Dept. of Justice, St. Louis, MO, trustee.

---

## MEMORANDUM AND ORDER

PERRY, District Judge.

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint for lack of personal jurisdiction. In the alternative, defendant requests that the Court abstain from hearing this action pursuant to 28 U.S.C. § 1334(c)(1).

Plaintiff is trustee for the estate of Federal Fountain, Inc., a Chapter 7 debtor. On January 31, 1997, plaintiff filed a three-count complaint in the United States Bankruptcy Court for the Eastern District of Missouri, alleging breach of contract, account stated, and quantum meruit. Jurisdiction was founded on 28 U.S.C. §§ 157 and 1334. On May 30, 1997, the Bankruptcy Court[1] ordered the case transferred to this Court in response to defendant's demand for a jury trial, which defendant filed together with its motion to dismiss. In this demand, defendant expressly stated that it was not waiving "any defense or objection, including ... lack of subject matter and/or personal jurisdiction." For the reasons discussed below, the Court finds that plaintiff has failed to show that the exercise of personal jurisdiction over defendant would be proper. The Court will therefore grant defendant's motion to dismiss.

### I. Factual Background

Defendant KR Entertainment, Inc., is a Nevada corporation with it principal place of business in Las Vegas. On or about January 13, 1995, Federal Fountain, Inc. ("Debtor") and defendant entered into an agreement whereby Debtor agreed to design, furnish, and install certain equipment for defendant's live water entertainment show in Las Vegas. Debtor claims that defendant agreed to pay $597,377 for this work. Debtor asserts that it completed the work by the end of June 1995. Debtor acknowledges that defendant has paid part of the $597,377, but claims that defendant still owes $271,986.18, plus interest.

### II. Discussion

When a defendant challenges a federal court's jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Moog World Trade Corp. v. Bancomer, S.A.*, 90 F.3d 1382, 1384 (8th Cir.1996). This burden is not an onerous one. To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need make only a prima facie showing of personal jurisdiction. *Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd.*, 89 F.3d 519, 522 (8th Cir.1996). In determining whether the plaintiff has made the requisite showing, the court views the evidence in the light most favorable to the plaintiff and resolves all factual conflicts in the plaintiff's favor. *Id.*

In federal question cases, the Supreme Court has held that in the absence of any statutory provision for service of process, a federal court must determine a non-resident defendant's amenability to suit by referring to the long-arm statute of the state in which it sits. *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 108, 108 S.Ct. 404, 411–12, 98 L.Ed.2d 415 (1987). Under the test set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, "the constitutional touchstone" in determining whether an exercise of personal jurisdiction comports with due process is "whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (quoting *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158).

The *Omni Capital* case concerned a federal statute that was silent as to service of process. By contrast, in an adversary proceeding such as this one, Rule 7004(d) of the Federal Rules of Bankruptcy Procedure provides that "[t]he summons and complaint and all other process except a subpoena may be served anywhere in the United States." Fed. R. Bankr.P. 7004(d). Confronted with a federal statute that provides for nationwide service of process, most federal courts have

---

1. The Honorable James J. Barta, Chief United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of Missouri.

held that the "minimum contacts" to be examined are not those between the defendant and the state, but rather those between the defendant and the nation as a whole. *See. e.g., Busch v. Buchman, Buchman & O'Brien*, 11 F.3d 1255, 1258 (5th Cir.1994); *Diamond Mortgage Corp. v. Sugar*, 913 F.2d 1233, 1244 (7th Cir.1990), *cert. denied*, 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991); *Go–Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1416 (9th Cir.1989). These courts reason that in a case brought under federal question jurisdiction, the sovereign exercising its authority over the defendant is the United States. *Busch*, 11 F.3d at 1258; *Diamond Mortgage Corp.*, 913 F.2d at 1244. Accordingly, these courts have found the mere fact that a defendant resides in the United States a sufficient basis for a federal court to exercise jurisdiction over him. *Diamond Mortgage Corp.*, 913 F.2d at 1244; *but see Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 947 (11th Cir.1997) (defendant's minimum contacts with the United States do not "automatically" satisfy fifth amendment's due process requirements).

The Eighth Circuit appears to be an outlier on this issue. To the limited extent that it has addressed the relevant due process inquiry with respect to a federal statute providing for nationwide service of process, it has endorsed an examination of the defendant's contacts with the forum state. In *South Dakota v. Kansas City Southern Industries*, 880 F.2d 40 (8th Cir.1989), *cert. denied*, 493 U.S. 1023, 110 S.Ct. 726, 107 L.Ed.2d 745 (1990), the Eighth Circuit considered in a footnote the service of process provision contained in 15 U.S.C. § 22, which provides that in an antitrust action brought against a corporation, process may be served "wherever [the corporation] may be found." 15 U.S.C. § 22. The court of appeals noted that the South Dakota federal district court had relied on this provision in finding that it had personal jurisdiction over the defendants. The Eighth Circuit rejected this reasoning, stating "the application of section 22's 'provision for extra-territorial service must *in every case* satisfy constitutional due process principles. Satisfaction of the requisite due process standards are tested by the fa-

miliar "minimum contacts" analysis of *International Shoe* and its progeny.' " 880 F.2d at 44 n. 10 (quoting *Reynolds Metals Co. v. Columbia Gas Sys., Inc.*, 694 F.Supp. 1248, 1250 (E.D.Va.1988)) (emphasis in original). The appellate court approved of the district court's exercise of personal jurisdiction only because the latter had also provided a "detailed consideration of [defendant's] contacts with South Dakota." *Id.* Similarly, in a footnote in *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384 (8th Cir. 1991), the court noted that looking at the minimum contacts with the forum state was appropriate under fifth amendment "principles of justice and fundamental fairness." 946 F.2d at 1389 n. 2. *See also Burkhart v. Medserv Corp.*, 916 F.Supp. 919, 921–22 (W.D.Ark.1996) (involving nationwide service of process provision in ERISA); *Chemtech Indus. v. Goldman Fin. Group, Inc.*, 156 F.R.D. 181, 183–84 (E.D.Mo.1994)(same). Plaintiff correctly points out that none of these is a bankruptcy case. However, nothing in the language of these decisions indicates that their authors believed the due process inquiry associated with a nationwide service of process provision varies according to the subject matter of the suit. Plaintiff seems to be suggesting that the fifth amendment's due process clause means one thing in bankruptcy and another in a different context, but offers no explanation as to why this might be so. Although the Eighth Circuit may not have confronted this issue as directly as some other circuits, this Court is bound to follow the prevailing law of the Circuit, and therefore must review the defendant's contacts with Missouri.

■ In the instant case, plaintiff has not satisfied his burden of demonstrating the existence of relevant minimum contacts. Relying on his argument that the provision for nationwide service of process permits personal jurisdiction over the defendant, plaintiff merely states that defendant is a Nevada corporation operating in Las Vegas. Plaintiff has adduced no evidence indicating what contacts, if any, defendant has with the State of Missouri. Under Eighth Circuit law, this showing is insufficient to allow the Court to exercise personal jurisdiction over defendant.

Having found a lack of personal jurisdiction, the Court will not reach the issue of abstention.

Accordingly,

**IT IS HEREBY ORDERED** that defendant KR Entertainment, Inc.'s motion to dismiss plaintiff's complaint for lack of jurisdiction is granted.