United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

97-3707EMSL

| | |
|---|---|
| In re: Federal Fountain, Inc., | * |
| | * |
| Debtor.      * | |
| | * Appeal from the United States |
| ----------------------------------------------- | * District Court for the |
| | * Eastern District of Missouri |
| David A. Warfield, Trustee of the Estate | * |
| of Federal Fountain, Inc., | * |
| | * |
|      Appellant, | * |
| | * |
| v. | * |
| | * |
| KR Entertainment, Inc.,   * | |
| | * |
|      Appellee. | * |

**ORDER**

On the Court's own motion, the opinion and judgment dated May 5, 1998 are vacated. The attached opinion is being filed in its stead.

May 11, 1998

Order Entered at the Direction of the Court:

Clerk, U.S. Court of Appeals, Eighth Circuit

# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

No. 97-3707EMSL

```
In re: Federal Fountain, Inc.,   *
                                 *
     Debtor.                     *
                                 *   Appeal from the United States
-----------------------------    *   District Court for the
                                 *   Eastern District of Missouri
David A. Warfield, Trustee of    *
the Estate of Federal Fountain,  *
Inc.,                            *
                                 *
     Appellant,                  *
                                 *
v.                               *
                                 *
KR Entertainment, Inc.,          *
                                 *
     Appellee.                   *
```

ORDER

On the Court's own motion, the opinion and judgment dated May 5, 1998 are vacated.  The attached opinion is being filed in its stead.


May 11, 1998


Order Entered at the Direction of the Court:


Clerk, U.S. Court of Appeals, Eighth Circuit

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3707

_____

In re Federal Fountain, Inc.,

                    Debtor.

_____

David A. Warfield, Trustee of the
Estate of Federal Fountain, Inc.,

                    Appellant,

      v.

KR Entertainment, Inc.,

                    Appellee.

Appeal from the United States
District Court for the Eastern
District of Missouri.

_____

Submitted:  April 16, 1998

Filed:  May 11, 1998

_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Federal Fountain, Inc. (represented by its trustee in bankruptcy, David A. Warfield), and KR Entertainment, Inc., entered into a contract under which Federal Fountain agreed to design and install certain equipment necessary for the operation of

KR's water entertainment show in the Riviera Hotel in Las Vegas, Nevada. While involved in bankruptcy proceedings, see 11 U.S.C. §§ 701-766, Federal Fountain filed suit to collect the balance due on the contract. KR moved to dismiss for lack of personal jurisdiction and the district court[1] granted the motion. Federal Fountain appealed. We affirm.

Fed. R. Bankr. P. 7004(d) provides that "[t]he summons and complaint and all other process except a subpoena may be served anywhere in the United States." Several appellate courts have held that this provision, and similar ones that provide for national service of process, will not offend the Constitution in a particular case if there are certain minimum contacts between the defendant and the United States of America. *See, e.g., Busch v. Buchman, Buchman & O'Brien*, 11 F.3d 1255, 1258 (5th Cir. 1994); *Diamond Mortgage Corp. v. Sugar*, 913 F.2d 1233, 1244 (7th Cir. 1990), *cert. denied*, 498 U.S. 1089 (1991); and *Mariash v. Morrill*, 496 F.2d 1138, 1143, 1143 n.7 (2nd Cir. 1974).

We have, however, adopted a different view. We have held instead that *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), requires " 'in every case' " that there be minimum contacts between the defendant and the state in which the defendant is expected to answer. *South Dakota v. Kansas City Southern Industries, Inc.*, 880 F.2d 40, 44 n.10 (8th Cir. 1989), *cert. denied*, 493 U.S. 1023 (1990), quoting *Reynolds Metals Co. v. Columbia Gas System, Inc.*, 694 F. Supp. 1248, 1250 (E.D. Va. 1988) (emphasis in *Reynolds*). After stating this principle, we proceeded to consider the defendant's contacts with the state of South Dakota to determine whether personal jurisdiction over the defendant was properly acquired. *Kansas City Southern*, 880 F.2d at 44 n.10. We have thus squarely held that service of process outside the forum state under a national service of process statute confers personal jurisdiction over

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

a defendant only if that defendant has the requisite minimum contacts with the forum state.

Federal Fountain asks us to interpret *Kansas City Southern* differently.  It contends first that in that case we were simply interpreting the Clayton Act and that the phrase "in every case" refers to every case that arises under that act.  Federal Fountain also seems to argue that our analysis of the defendant's contacts with the forum state in *Kansas City Southern* had to do with the issue of venue, that is, with the question of whether the defendant there was "transact[ing] business" in the forum state, and not with the issue of personal jurisdiction.  *See* 15 U.S.C. § 22.  We reject both of these contentions.

The principle applied in *Kansas City Southern*, 880 F.2d at 44 n.10, as the court plainly stated, was that personal jurisdiction may not be established over a defendant unless that defendant has certain minimum contacts with the state in which the federal court is sitting.  It is true that in determining that jurisdiction was proper, we relied on facts that the district court found in deciding that there was proper venue.  *Id.*  But there is no indication there that we were inquiring into the venue issue for its own sake.  Indeed, it is clear that we were not.

Nor have we ever approved the approach taken by the Fourth and Eleventh Circuits, under which a court that applies a statute permitting national service of process first inquires whether the proposed forum puts the defendant at a " 'severe disadvantage' " in defending the action.  *See, e.g., Republic of Panama v. BCCI Holdings*, 119 F.3d 935, 948 (11th Cir. 1997), quoting *McGee v. International Life Insurance Co.*, 355 U.S. 220, 223 (1957); *see also ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 627 (4th Cir. 1997), *cert. denied*, 118 S. Ct. 1364 (1998).  If so, the court then performs a "balancing" test, weighing the inconvenience to the defendant against something called the "federal interests" in litigating the matter in the particular forum.  *Republic of Panama*, 119 F.3d at 946; *see also ESAB Group, Inc.*, 126 F.3d

at 627. *Kansas City Southern*, in any case, forecloses our resort to this way of deciding the matter, even if we were inclined to do so.

Because Federal Fountain "adduced no evidence indicating what contacts, if any, [KR] has with the State of Missouri," *In re Federal Fountain, Inc.*, 212 B.R. 960, 962 (E.D. Mo. 1997), the district court properly dismissed the case for lack of personal jurisdiction. We therefore affirm the judgment of the district court.

BEAM, Circuit Judge, concurring specially, with whom MORRIS SHEPPARD ARNOLD, Circuit Judge, joins, concurring.

I concur in the opinion of the court because <u>South Dakota v. Kansas City Southern Industries</u> requires the result we reach. However, in my view, <u>Kansas City Southern</u> was wrongly decided for reasons advanced by the Second, Fifth and Seventh Circuits and, to a lesser extent, the Fourth and Eleventh Circuits as well.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.