In re BAILEY & ASSOCIATES,
INC., et. al., Debtors.

Bailey & Associates, Inc., et. al., Movants.

Bankruptcy No. 95–20305–293.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

July 1, 1998.

David A. Lander, David D. Farrell, St. Louis, MO, for the Reorganized Debtors, Bailey & Associates, Inc. et al.

Attorney General of Illinois, Avonne M. Seals, Assistant Attorney General, Consumer Fraud Bureau, Springfield, IL.

Ronald D. Lowery, Litchfield, IL, for Bailey & Associates.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 9.01 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

1. On December 20, 1995, Debtors, operators of three private membership resorts [1] and providers of travel services, filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101–1330).

2. Among Debtors' creditors were individuals who, as a class, had filed a law suit against Debtors in the Northern District of Illinois. Philip Weiss was the class representative and, before this Court, the group of plaintiffs has been referred to as the Weiss class. When Debtors filed their petition for relief, the Weiss class action was pending. On September 10, 1996, the Weiss class filed a proof of claim against Debtors.

3. On December 6, 1996, the Court entered an order confirming Debtors' Second Amended Joint Plan of Reorganization ("Plan"). Debtors' Plan was the result of lengthy negotiations between Debtors, Debtors' lenders, counsel for the Weiss class, and others. Section 5.6 of the Plan described the treatment of the members of Debtors' three private membership resorts. Different classes of members were defined. Some of the classes were comprised of members of Debtors' private resorts who Debtors alleged owed money under their membership contracts. The debts owed under the membership contracts allegedly consisted of amounts owed for the purchase of the membership, certain fees or dues, or a combination thereof. The Plan offered the members of each class alternative settlements of Debtors' claims against them. One alternative offered to many of the classes was to participate in a mediated resolution of the Debtors' claims against them, this alternative was named the MAP procedure.

The Plan also provided that the Court would "retain jurisdiction over any claims of the Debtors, Landvest Holdings or Reorganized Bailey Associates with respect to any delinquent Campground Member Claims." (Plan § 5.6(k) at 30). In its Sixteenth Article, the Plan stated that the Court retained jurisdiction to, among other things, "(p) enforce any deficiency under any retail installment contract of any Campground member not participating in the MAP if requested to do so by Reorganized Bailey Associates or Landvest Holdings." (Plan at 50).

4. In the Confirmation Order it entered on December 6, 1996, the Court retained jurisdiction over "the matters set forth in the Plan, particularly Article 16 of the Plan."

5. On February 3, 1997, the Court entered Standing Order Number 6 (Establishing Procedures for Adjudication of Collection Actions) ("Standing Order 6"). Standing Order 6 set forth procedures Debtors would follow in bringing actions to collect any amount alleged to be owing under any membership contract ("Collection Actions"). Standing Order 6 provided that the Debtors would commence all Collection Actions before September 1, 1997 and that Judge Karen M. See, United States Bankruptcy Judge for the Western District of Missouri, would preside over them. The Standing Order further provided that before filing a Collection Action, the Debtors would have to obtain an initial trial setting from Judge See's Courtroom Deputy.[2]

6. Neither the Plan nor the Confirmation Order the Court entered specifically addressed the venue of the Collection Actions.

7. On August 30, 1997, Debtors moved the Court to extend the September 1, 1997 deadline for filing Collection Actions.

---

1. Debtors also describe their private membership resorts as campgrounds.

2. Standing Order 6 contained other procedures and provisions not materially relevant to the issue now before the Court.

8. The Attorney General of the State of Michigan moved the Court to allow him to intervene so he could object to the venue of those Collection Actions seeking fewer than $5,000.00 that Debtors would bring against Michigan consumers. The Michigan Attorney General argued that the venue exception in 28 U.S.C. § 1409(b) ("subsection 1409(b)") is mandatory and denies the Court venue over the Collection Actions against Michigan consumers from whom Debtors seek less than $5,000.00. He further maintained that requiring each defendant to separately raise the venue objection would defeat the purpose of the exception which seeks to prevent unfairness to distant consumer debtors of the bankruptcy estate when the cost of defending the estate's cause of action might be greater than paying the debt owed. Additionally, the Michigan Attorney General argued the fact that the defendants in Debtors' Collection Actions were vulnerable and unaware of their legal rights militated in favor of the Court allowing his intervention and sustaining his venue objection. Finally, the Michigan Attorney General complained that the notices and communications Debtors sent to the Collection Action defendants misled them of their rights.

9. At the October 6, 1997 hearing on Debtor's motion to extend the September 1, 1997 deadline for filing Collection Actions, the United States Trustee ("UST") expressed concern that, under 28 U.S.C. § 1409(b), the Collection Actions might not be properly venued before this Court.

10. On December 19, 1997, the Court entered an Order granting Debtors' motion for an extension of the deadline for filing Collection Actions. In its Order, the Court noted that Debtors and the Michigan Attorney General had "reached an agreement pursuant to which the Michigan AG's office is willing and has agreed to withdraw its Intervention Motion provided that the additional time granted to Debtors to file Collection Actions in the Bankruptcy Court does not extend to any Collection Action against any Michigan resident who is not alleged to owe $5,000.00 or more (exclusive of interest and costs) to the Debtors." Consequently, the Court extended the deadline for filing Collec-

tion Actions to May 15, 1998, "provided, however, that Debtors shall not be allowed to file any additional Collection Actions in this Court against any resident of the State of Michigan who is not alleged to owe $5,000.00 or more to the Debtors (exclusive of interest and costs)."

11. On April 22, 1998, Debtors filed a Motion Seeking an Additional Extension of the Deadline for Filing Collection Actions Pursuant to Standing Order No. 6 (Motion 715). As in their first motion to extend, Debtors based their request for an extension upon problems that have arisen under the procedures established by Standing Order Number 6. Specifically, Debtors point out that the Standing Order requires them to obtain a trial date for a Collection Action and that Judge See, who presided over the Collection Actions, had been unable to provide Debtors with enough trial settings before May 15, 1998 to permit them to file all the Collection Actions they wanted to file. Debtors also noted that, although the Court previously extended the time for filing Collection Actions from September 1, 1997 until May 15, 1998, no Collection Actions were filed from September 1, 1997 through December 17, 1997, the time during which objections to the extension were litigated and ruled upon.

12. The UST filed an Objection to Debtors' Motion Seeking an Additional Extension of the Deadline for Filing Collection Actions Pursuant to Standing Order No. 6. The UST raises three grounds for its objection. First, the UST complains that venue does not lie in this Court because Debtors intend to file Collection Actions seeking less than $5,000.00 against individual consumers. The UST maintains that pursuant to subsection 1409(b), such actions can be brought "only in the district court for the district in which the defendant resides." Second, the UST argues that to the extent the Collection Actions seek to recover fees, dues, or other costs that accrued after the commencement of the case, subsection 1408(d) requires that they be brought, not in this Court, but, "only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have brought." Third, the

UST argues that there is no factual basis for extending the deadline to December 31, 1998.

13. The Attorney General for the State of Illinois filed a Motion to Intervene to Oppose Additional Time to File Collection Actions. Like the Michigan Attorney General and the UST, the Illinois Attorney General seeks to protest Debtors' motion for an extension of the deadline for filing Collection Actions on the ground that subsection 1409(b) requires that those Collection Actions seeking less than $5,000.00 from consumer defendants be brought "only in the district court for the district in which the defendant resides."

## FACTUAL BACKGROUND

To rule on the motion before the Court it is not necessary to make any factual findings.

## DISCUSSION

The Eighth Circuit Court of Appeals recently decided a case involving personal jurisdiction in the bankruptcy court. *See Warfield v. KR Entertainment (In re Federal Fountain, Inc.)*, 143 F.3d 1138 (8th Cir.1998). Before filing for bankruptcy relief, Federal Fountain, Inc. (Federal Fountain) contracted with KR Entertainment, Inc. (KR) to design and install equipment for KR's water show in Las Vegas, Nevada. *Id.* at 1139. The bankruptcy trustee filed a three-count complaint against KR in the Bankruptcy Court for the Eastern District of Missouri alleging breach of contract, account stated, and quantum meruit. *Warfield v. KR Entertainment (In re Federal Fountain, Inc.)*, 212 B.R. 960, 961 (E.D.Mo.1997). KR filed a demand for a jury trial and a motion to dismiss for lack of personal jurisdiction.[3] *Id.* The case was transferred to the district court and it granted KR's motion to dismiss. *Id.* at 962. The district court noted that, in contrast to the majority of circuit courts, the Eighth Circuit requires that a defendant subject to a federal service of process statute (like Federal Rule of Bankruptcy Procedure 7004) have minimum contacts, not with the United States, but with the forum state. *Id.* at 961. Because the bankruptcy trustee, who brought the adversary proceeding on Federal Fountain's behalf, had failed to present evidence of KR's minimum contacts with Missouri, the

district court granted KR's motion to dismiss for lack of personal jurisdiction. *Id.* at 962. The Eighth Circuit affirmed, reasoning that previously it had "squarely held that service of process outside the forum state under a national service of process statute confers personal jurisdiction over a defendant only if that defendant has the requisite minimum contacts with the forum state." 143 F.3d 1138, 1139. Two judges on the panel, however, concurred specially, and wrote separately to state that, although the panel was bound by the precedent cited by the majority, they believed that precedent to be wrongly decided. *Id.* 143 F.3d at 1139–40.

 In light of *In re Federal Fountain*, the Court concludes that it does not have personal jurisdiction over those Collection Action defendants who do not have minimum contacts with Missouri. A good summary of personal jurisdiction jurisprudence is found in *Stumpf v. Creel & Atwood, P.C. (In Matter of Lockwood Corp.)*, 216 B.R. 628, 633.

To quote *Stumpf*:

The due process clause requires a defendant to have such minimum contacts with the forum state so that the traditional notions of fair play and substantial justice are not offended. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). To establish sufficient minimum contacts, defendant must have, by some act, purposefully avail[ed] itself of conducting activities within the forum state, thus invoking the benefits and protection of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). The defendant's contacts must have been more than random, fortuitous, or attenuated. *Id.* Rather, the contacts must be such that the defendant should reasonably anticipate being haled into court in the forum state. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Personal jurisdiction is divided into two categories: specific jurisdiction and gener-

---

**3.** KR's jury demand "expressly stated that it was not waiving 'any defense or objection, including

... lack of subject matter and/or personal jurisdiction.'" 212 B.R. at 961.

al jurisdiction. Specific jurisdiction is jurisdiction over causes of action arising from or related to defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). Where none of the actions complained of occurred within or had any connection to the forum state, specific jurisdiction may not be exercised. *Id.* General jurisdiction is the power of a forum state to adjudicate any cause of action regardless of where the cause of action arose. *Id.; See also Digi–Tel Holdings, Inc. v. Proteq Telecommunications,* Ltd., 89 F.3d 519, 522 n. 4 (8th Cir.1996); *Wessels,* 65 F.3d at 1432 n. 4. To establish general jurisdiction, the non-resident defendant must be engaged in continuous and systematic general business contacts with the forum state. *Id.; Helicopteros Nacionales de Colombia,* S.A., 466 U.S. at 416, 104 S.Ct. at 1873.

The Eighth Circuit has established a five-factor test to determine if the above due process requirements have been met. *Northwest Airlines, Inc. v. Astraea Aviation Services, Inc.,* 111 F.3d 1386, 1390 (8th Cir.1997); *Digi–Tel,* 89 F.3d at 522. The factors are: (1) the nature and quality of the contacts, (2) the quantity of the contacts, (3) the relation of the cause of action to the contacts, (4) the forum state's interest in the litigation, and (5) the convenience of the parties. *Id.* The first three factors are to be given primary consideration while the last two are to be given secondary consideration. *Id.* The third factor distinguishes whether the jurisdiction is specific or general. *Digi–Tel,* 89 F.3d at 522 n. 4 (citing *Wessels,* 65 F.3d at 1432 n. 4.)

216 B.R. at 633–34.

■ If it has personal jurisdiction over a party, then this Court must determine whether venue is proper under subsection 1409. A plain reading of subsection 1409(b) indicates that, under it, venue of a proceeding arising in or related to a bankruptcy case is a function of the amount in controversy and whether the debt sued upon is a consumer debt. *See* 28 U.S.C. § 1409(b). If less

than $5,000 .00 is sought from a consumer, then venue lies not in the bankruptcy court, but in the district court where the defendant/consumer resides. *Id.*

The Court will consider first whether it has personal jurisdiction over three exhaustive classes of possible Collection Action defendants. Then, the Court will address whether it is the proper venue for the Collection Actions brought against three relevant subsets of Collection Action defendants. Finally, the Court will address two other relevant issues, one, whether subsection 1409(b)'s monetary limits include interest, costs, and fees, and, two, the propriety of considering the venue objections raised by the UST and the Illinois Attorney General.

## A. PERSONAL JURISDICTION

### 1. Collection Action Defendants Who Are Members of the Weiss Class

■ Clearly, any defendant who has filed a proof of claim in Debtors' bankruptcy has the minimum contacts with the State of Missouri necessary to confer personal jurisdiction of that defendant to this Court. Such a defendant has availed himself or herself of the benefits and protections of this forum and traditional notions of fair play and substantial justice are not offended by requiring such a defendant to defend a Collection Action before this Court. Specifically, the Court finds it has personal jurisdiction over the members of the Weiss class because that class collectively filed a proof of claim against the Debtors' estate.

### 2. Collection Action Defendants Who Are Missouri Residents

This Court has personal jurisdiction over Collection Action defendants who live in Missouri because, as residents, they have minimum contacts with Missouri, the forum state.

### 3. Collection Action Defendants Who Are Neither Missouri Residents Nor Members of the Weiss Class

As the Court has discussed above, it lacks personal jurisdiction of those Collection Action defendants who lack minimum contacts with the forum state, Missouri. As a condi-

tion of extending the deadline for filing Collection Actions against Defendants who are neither Missouri residents nor members of the Weiss Class, the Court will require Debtors to allege facts sufficient to demonstrate the existence of minimum contacts between the defendant and Missouri in all subsequently-filed Collection Actions.

### B. VENUE UNDER 28 U.S.C. 1409(a) AND (b)

■ Subsection 1409(a) provides for venue of "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." By virtue of Local Rule 9.01(B) of the District Court for the Eastern District of Missouri, such cases are referred to this Court. From this general grant of venue, subsection 1409(b) excepts "proceeding[s] arising in or related to such case [under title 11] to recover a money judgment of or property worth less than $1,000.00 or a consumer debt of less than $5,000.00" and requires that such actions be brought "only in the district court for the district in which the defendant resides."

### 1. Collection Actions in which Debtors seek to recover more than $5,000.00.

By its terms, the venue exception in section 1409(b) does not apply to proceedings in which more than $5,000.000 is sought. So long as the Court has personal jurisdiction over a Collection Action defendant in a Collection Action in which Debtors seek to recover more than $5,000.00, the case is properly before this Court.

### 2. Collection Actions in which Debtors seek to recover less than $5,000.00.

#### a. Defendants residing in the Eastern District of Missouri

By its terms, subsection 1409(b) denies this Court venue of Collection Actions brought against any consumer defendant if the amount sought is less than $5,000.00. Under that section, venue lies in the district court where the defendant resides. For residents of the Eastern District of Missouri, subsection 1409(b) would suggest that proper venue of Collection Actions seeking less than

$5,000.00 from them lies in the District Court for the Eastern District of Missouri. Local Rule 9.01(B) of the District Court for the Eastern District of Missouri, however, refers to the bankruptcy court "[a]ll cases arising under Title 11 of the United States Code, and all proceedings arising under Title 11 or arising in or related to a case under Title 11" and so would send Collection Actions that seek less than $5,000.00 from residents of the Eastern District of Missouri back to this Court. Hence this Court, for all intents and purposes, has venue of Collection Actions filed against residents of the Eastern District of Missouri regardless of the amount at issue.

#### b. Defendants not residing in the Eastern District of Missouri

As the Court noted in discussing whether it has venue of Collection Actions that seek less than $5,000.00 from consumer defendants who reside in the Eastern District of Missouri, subsection 1409(b) denies this Court venue of Collection Actions brought against any consumer defendant if the amount sought is less than $5,000.00. Only by operation of Local Rule 9.01(B) does this Court retain venue of the Collection Actions that seek less than $5,000.00 from consumer defendants who reside in the Eastern District of Missouri. Because Local Rule 9.01(B) does not affect Collection Actions against consumer defendants who reside outside the Eastern District of Missouri, the Court concludes that the proper venue for Collection Actions seeking less than $5,000.00 from consumer defendants who reside outside the Eastern District of Missouri is in the district court for the district in which the defendants reside. As a condition of extending the deadline, the Court will require that Debtors file against defendants who do not reside in Missouri only Collection Actions seeking more than $5,000.00.

### C. OTHER RELEVANT ISSUES

■ An issue exists whether the $5,000.00 threshold contained in subsection 1409(b) includes interest and costs or whether it refers only to the principal amount of the consumer debt sued upon. Collier states that:

It is unstated whether the amounts of less than $1,000.00 and less than $5,000.00 are exclusive of interest and costs. For example, the jurisdictional amount for diversity jurisdiction of district courts is $50,000.00, "exclusive of interest and costs." The better rule would be that the same language should be implied in interpreting subsection (b) of section 1409.

LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY, ¶ 4.02[3][a] at 4–16 (15th rev. ed.1998). The Court agrees.

■ A second remaining issue regards the propriety of the Court considering the venue objections of the UST and the Attorney General for the State of Illinois. Debtors argue that venue is a defense which, if not raised, is waived.[4] Further, Debtors argue that the because the defense of venue is personal, the Court should consider it only on a case-by-case basis. The Attorney General for the State of Illinois argues that "[t]o require Illinois consumers to individually contest venue in each of the proceedings ... would be judicially inefficient, would potentially encourage inconsistent rulings, and would give 'piecemeal' litigation a new meaning." The Court agrees with the Illinois Attorney General that in this case where: the Collection Actions are substantially similar, the amount at issue determines whether this Court is the proper venue of each Collection Action, and the venue provision to be applied (28 U.S.C. § 1409(b)) is mandatory, it is more efficient to raise the issue en mass. As a condition of extending the deadline, the Court will require Debtor to file with this Court only those Collection Actions that comply with the provisions of subsection 1409(b).

With the conditions stipulated in this memorandum, the Court will grant Debtors' request for an extension of the time in which it must file Collection Actions until September 30, 1998.

---

**4.** Debtors raised these arguments in October 1997 in the memorandum they filed to support their initial extension of the deadline for filing Collection Actions.